

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

January 22, 2025

The Honorable Donna Campbell, M.D.
Chair, Senate Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

**Opinion No. KP-0477**

Re: Whether electronic notice captured by a QR code on a traffic violation card satisfies the notice requirements of Transportation Code sections 543.003 and 543.004 (RQ-0552-KP)

Dear Senator Campbell:

You ask about a traffic violation card containing certain information, including a QR code, that provides the alleged violator "access to the complete citation electronically."[1] Specifically, you ask whether "electronic notice captured by a QR [c]ode" on the card satisfies the requirements of Transportation Code sections 543.003 and 543.004, "provided that the . . . [c]ard provides on its face the time, the place to appear, as well as the citation number." Request Letter at 1. You limit your question to the three ticketing circumstances in Transportation Code sections 543.003 and 543.004, namely: (1) speeding; (2) use of a wireless communication device while driving; and (3) violating the State's open container law. *Id.*

**Background: traditional citations, citation machines, and e-citations.**

Transportation Code sections 543.003 and 543.004 concern certain non-custodial arrests for misdemeanor violations of Title 7, subtitle C of the Transportation Code. *See generally* TEX. TRANSP. CODE §§ 543.003–.004 (governing written notices to appear). You tell us that law

---

[1] Letter and Exhibits from Hon. Donna Campbell, M.D., Chair, S. Comm. on Nominations, to Hon. Ken Paxton, Tex. Att'y Gen. at 1–2 (July 25, 2024), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0552KP.pdf ("Request Letter" and "Exhibits," respectively).

enforcement officers have traditionally written citations[2] on a ticket pad that creates triplicate[3] copies of the citation, a process which takes "seven to ten minutes per stop" and requires a court to manually enter the citation information into its record-management system. Request Letter at 1–2. You also note that, more recently, law enforcement officers have used citation machines that print tickets at the stop and electronically send the citation information to the court. *Id.* at 2. But you explain this practice has proven limited because the machines are expensive, and they do not always eliminate the need to manually re-enter information into the court's system. *Id.*

Your request therefore focuses on a new, third ticketing option:

> Technology is now allowing for a cloud-based option for electronic citations ("e-citations"). In this scenario, the officer enters the required citation information (much of which is captured automatically through the license plate number and/or driver's license number) and presents the violator with a . . . [c]ard . . . , which include[s] a QR [c]ode providing the violator access to the complete citation electronically. The . . . [c]ard, which is given to the violator and not retained by the officer, can also provide for the violator's signature and the officer's signature, for the violator's records.

*Id.* You provide us images of two card examples, noting that the card handed to the alleged violator "includes the time of appearance, place of appearance, and the citation number on the face of" the card, while the card's QR code "links to the complete citation" electronically.[4] *Id.* at 2–3; *see also* Exhibit A (illustrating the front and back of sample cards). Based on the information you provide, we presume that the card itself is not the citation but instead serves as the means by which an alleged violator can access the citation electronically with the card's QR code.[5]

---

[2] Chapter 543 of the Transportation Code uses the phrase "notice to appear" rather than the term "citation." TEX. TRANSP. CODE §§ 543.001–.011. But we use the terms interchangeably in our analysis—as you do in your letter. *See* Request Letter at 1–4.

[3] You state that "[o]ne copy is for the violator, one for the officer/police records, and one for the court." *Id.* at 1–2.

[4] The example cards you provide contain the following instructions: "(1) Scan QR code using your phone's camera app[;] (2) Tap the banner that appears on the screen[;] (3) Follow website instructions to access digital citation[; and] (4) Contact appropriate court to resolve citation." Exhibit A at 1–2.

[5] A "QR code" is typically understood to mean "a quick response machine-readable code that can be read by a camera, consisting of an array of black and white squares used for storing information or directing or leading a user to additional information." *Cf., e.g.*, TEX. HEALTH & SAFETY CODE § 443.001(10) (defining "QR code" for the purpose of Chapter 443 of the Health and Safety Code).

**Requirements of Transportation Code sections 543.003, 543.004, and related provisions.**

Transportation Code section 543.003 requires an arresting officer, who does not take an alleged violator before a magistrate,[6] to "issue a written notice to appear in court showing the time and place the person is to appear, the offense charged, the name and address of the person charged, and, if applicable, the license number of the person's vehicle." TEX. TRANSP. CODE § 543.003; *see also id.* § 543.010 (requiring the notice on a charge of speeding to specify additional items). When the offense charged is speeding, using a wireless communication device while driving, or a violation of the open container law—the ticketing scenarios about which you ask—section 543.004 requires the issuance of a written notice to appear if "the person makes a written promise to appear in court as provided by Section 543.005." *Id.* § 543.004(a)(2); *see also id.* § 543.004(a)(1) (listing the offenses for which written notice is mandatory), .004(c) (stating that the offenses in subsection (a) "are the only offenses for which issuance of a written notice to appear is mandatory"). Section 543.005 states that the promise to appear is made "by signing the written notice prepared by the arresting officer" and explains that "[t]he signature may be obtained on a duplicate form or on an electronic device capable of creating a copy of the signed notice." *Id.* § 543.005. This section also directs that "[t]he arresting officer shall retain the paper or electronic original of the notice and deliver the copy of the notice to the person arrested." *Id.*

Reduced simply, the three ticketing scenarios you present require an officer to issue notice that: (1) is written; (2) shows the items required by section 543.003 and, if applicable, additional information pursuant to section 543.010; and (3) is signed by the alleged violator pursuant to sections 543.004 and 543.005, with originals and copies of the notice handled as specified in section 543.005. *Id.* §§ 543.003–.005. We thus understand your question to be whether giving an alleged violator a card with a QR code satisfies these requirements.

**A court would likely conclude that the electronic citation accessible through a QR code is "written" for the purposes of Transportation Code sections 543.003 and 543.004.**

We first address the requirement that notice be "written." *See id.* §§ 543.003–.004. Chapter 543 does not define "written." Words not defined in a statute are given their plain meaning, read in context, and construed according to the rules of grammar and common usage. TEX. GOV'T CODE § 311.011(a); *see Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 735 (Tex. 2024). To ascertain the plain meaning of a statutorily undefined word, courts generally consult dictionaries for the term's common meaning. *See Morath*, 686 S.W.3d at 735. The term "written" commonly means "to form (as characters or symbols) on a surface with an instrument (as a pen)" or "to form (as words) by inscribing the characters or symbols of on a surface." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1362 (10th ed. 2001). One Texas appellate court examined an almost identical definition when considering whether an insurance carrier had properly provided a claimant with notice of certain statutorily required information through a web link. *Vanderwerff v.*

---

[6] Under some circumstances, an alleged violator must be taken before a magistrate. *See* TEX. TRANSP. CODE § 543.002(a) (listing circumstances, including refusal to make a written promise to appear, that require the alleged violator to be taken before a magistrate).

*Travelers Indem. Co. of Conn.*, No. 05-17-00564-CV, 2018 WL 3154425, at *3–4 (Tex. App.—Dallas June 28, 2018, pet. denied) (mem. op.). Among other things, the statute at issue in *Vanderwerff* required the notice to contain a "written description" of the terms and conditions for obtaining healthcare within the network's service area. *Id.* at *4. The court observed that "written words can appear on a computer screen by typing on a keyboard (thereby forming words on a surface)." *Id.* Noting that "[n]othing within the plain reading of the statute indicates [the required information] must be in writing on paper," the court concluded that the insurance carrier had satisfied the statute's notice requirements by providing the information electronically. *Id.*

The same reasoning holds true here. Nothing in section 543.003 or section 543.004 provides that the required information must be written exclusively on paper. *See* TEX. TRANSP. CODE §§ 543.003–.004. You tell us the officer "enters the required citation information" and then hands the alleged violator the card with a QR code, which serves as a link "to the complete citation electronically." Request Letter at 2. You also appear to describe the input of information into a computer system via keyboard, screen, or some other device that populates the electronic citation, which can be later accessed via website. To the extent this is the case, a court would likely conclude that the electronic citation accessible through a QR code is "written" for purposes of sections 543.003 and 543.004. Indeed, section 543.005 acknowledges that the written citation may exist in electronic format. TEX. TRANSP. CODE § 543.005 (instructing an arresting officer to "retain the paper *or electronic original* of the notice" (emphasis added)); *see also* TEX. CODE CRIM. PROC. art. 45A.051(a) (providing "a notice or a citation . . . may be created by electronic means").

> **A court would likely conclude that the content requirements of Transportation Code section 543.003 and, if applicable, section 543.010 are satisfied if the electronic citation itself shows the required information.**

Next, the notice must show certain listed items and potentially specify additional information in the ticketing scenarios you ask about. TEX. TRANSP. CODE §§ 543.003, .010. Again, our understanding is that the card itself is not the citation, even though the card includes some of the items section 543.003 requires. *See* Request Letter at 3 (describing the card as including time and place of appearance). Instead, you tell us that the QR code on the card links "to the complete citation." *Id.* To the extent the actual citation appears when the link is used and shows the items required by section 543.003 and, if applicable, by section 543.010, a court would likely conclude that it complies with those provisions.[7]

> **A court could conclude that an officer "issues" a notice by giving an alleged violator a card with a citation number, the time of appearance, the place of appearance, and a QR code that links to the complete citation electronically.**

We turn now to whether the officer "issues" a notice by giving the alleged violator a card with the citation number and a QR code capable of linking to the complete electronic citation. *See* TEX. TRANSP. CODE §§ 543.003–.004 (requiring the officer to "issue" the notice). Chapter 543

---

[7] We do not address other requirements that may exist in particular circumstances or for citations in general. *See, e.g.*, TEX. TRANSP. CODE § 543.007 (addressing additional content requirements when the notice involves commercial motor vehicle drivers or license holders in certain situations); TEX. CODE CRIM. PROC. art. 14.06(b) (addressing the content of a citation in a non-custodial arrest for most Class C misdemeanors).

does not define "issue," but the term commonly means "to appear or become available through being officially put forth or distributed." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 621 (10th ed. 2001); *see also* BLACK'S LAW DICTIONARY 850 (8th ed. 2004) (providing in the legal context that "issue" means "[t]o be put forth officially" or "[t]o send out or distribute officially"); *cf. Snell v. Knowles*, 87 S.W.2d 871, 876 (Tex. App.—Texarkana 1935, writ dism'd) (concluding that the term "issue" in a civil procedural statute requiring a clerk to "issue" a citation "means more than the mere clerical preparation[] . . . and includes the act of delivery to an officer . . . for service").

Here, the arresting officer creates a citation by electronic means and gives the alleged violator a card with the corresponding citation number, the time of appearance, place of appearance, and a QR code that is later used to access the full citation on the internet. Request Letter at 2; *see also* Exhibit A at 1–2 (showing a QR code on the card which, when scanned with an internet-capable phone with a camera application, takes the user to a web portal in which the user can enter the citation number, first and last name, date of birth, and then click "Verify"). Relying on the common understanding of the term "issue," a court could conclude an officer officially distributes or puts forth the notice by providing a card that contains certain information and a QR code, through which an alleged violator can access the statutorily mandated information.[8] Furthermore, we do not discuss the factual possibility that some individuals might not possess internet-capable cell phones or electronic devices that can scan a QR code given your representation that an alleged violator can "assert[] that he or she lacks the technology to access a QR [c]ode link, or otherwise . . . not agree to an e[-]citation," in which case "a traditional triplicate citation can be written and processed." Request Letter at 3.

> **A court could conclude that giving an alleged violator a card with a citation number and QR code satisfies the signature and copy requirements of Transportation Code sections 543.004 and 543.005 in the three ticketing scenarios you present.**

Finally, we address the signature and copy requirements of sections 543.004 and 543.005. *See* TEX. TRANSP. CODE §§ 543.004–.005. In the three relevant ticketing scenarios, issuance of the notice as mandated by section 543.004 depends on "the person mak[ing] a written promise to appear in court as provided by Section 543.005." *Id.* § 543.004(a)(2). As previously stated, the promise is made by "signing the written notice prepared by the arresting officer." *Id.* § 543.005. That "signature may be obtained . . . on an electronic device capable of creating a copy of the signed notice," and "[t]he arresting officer shall retain the . . . electronic original of the notice and deliver the copy of the notice to the person arrested." *Id.*

### I.      Signature Requirement

The cards you provide as examples contain signature lines for both the officer and the driver, with the following statement printed under the driver's signature line: "Without admitting guilt, I promise to appear in . . . court." Exhibit A at 1–2. But signing the card would not comply with section 543.005 because the card is not "the written notice prepared by the arresting officer."

---

[8] Without the requisite information, a QR code alone may not meet the statutory requirements.

TEX. TRANSP. CODE § 543.005. Instead, the electronic notice to appear must bear the alleged violator's signature. *Id.*

Section 543.005 provides in relevant part that "[t]he signature may be obtained . . . *on an electronic device* capable of creating a copy of the signed notice." *Id.* (emphasis added). As you note, this "digital signature option" resulted from a 1999 legislative amendment to section 543.005. Request Letter at 3; *see also* Act of May 26, 1999, 76th Leg., R.S., ch. 701, § 4, 1999 Tex. Gen. Laws 3304, 3305 (codified at TEX. TRANSP. CODE § 543.005). The same legislation also amended then-article 45.021 of the Code of Criminal Procedure to specify that "[a] statutory requirement that a document contain the signature of any person, including a . . . defendant, is satisfied if the document contains that signature as captured *on an electronic device.*" Act of May 26, 1999, 76th Leg., R.S., ch. 701, § 2, 1999 Tex. Gen. Laws 3304, 3304 (codified at TEX. CODE CRIM. PROC. art. 45A.051(h)) (emphasis added). In both instances, the Legislature authorized an officer to obtain or capture a signature "on an electronic device."[9]

The language of section 543.005 does not define what constitutes a "device" for purposes of obtaining a signature. TEX. TRANSP. CODE § 543.005. But a "device" is commonly understood as "a piece of equipment or a mechanism designed to serve a special purpose or perform a special function." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 316 (10th ed. 2001); *see also id.* at 719 (defining "mechanism" as "a piece of machinery" or "a process or technique for achieving a result"). This suggests that a device could be a single piece of electronic equipment, such as a citation machine, or an electronic process or technique, perhaps utilizing component parts like a scanner and laptop that work together to achieve a particular purpose.

Additionally, an alleged violator's signature must be obtained "on" the electronic device. TEX. TRANSP. CODE § 543.005. The word "on" is a function word used for various purposes. For example, it can "indicate position *in contact with* and supported by the top surface of," which suggests that a signature obtained on an electronic device must be collected by means of physical contact with a surface, such as a stylus or a finger moving across the surface of a device. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 809 (10th ed. 2001) (emphasis added). This definition corresponds with the functionality of citation machines as described in your letter. *See* Request Letter at 2; *see also supra* note 9 (noting that "a motorist would 'sign electronically on [the] hand-held device'"). The word "on" can also "indicate means or agency." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 809 (10th ed. 2001). Based on that definition, the electronic device need only serve as a conduit to obtain a signature and need not be used in a manner involving physical contact. Using some type of electronic device to scan or photograph a wet ink signature, for example, would satisfy the need to obtain a signature "on" an electronic device.

Section 543.005 also requires that the electronic device used to obtain the signature be "capable of creating a copy of the signed notice." TEX. TRANSP. CODE § 543.005. A "copy" is

---

[9] This legislation appears to have coincided with the advent of the citation machines you reference in your letter, which capture a digital signature and then create and print out a complete citation. *See* H. Rsch. Org., Bill Analysis, Tex. H.B. 806, 76th Leg., R.S. (1999) (referring to the bill's authority "for police officers to issue traffic tickets using a hand-held, 'etch-a-sketch' device" where a motorist would "sign electronically *on this hand-held device*" and "the machine would issue a copy of the signed citation to the motorist" (emphasis added)); *see also* Request Letter at 2.

commonly understood to mean "an imitation, transcript, or reproduction of an original work." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 256 (10th ed. 2001). As you explain, the citation machines in use when the Legislature amended section 543.005 to authorize digital signatures printed a hard copy of the signed citation. *See* Request Letter at 2 ("[C]itation machines . . . print tickets at the stop . . . .); *see also supra* note 9 ("[A] motorist would 'sign electronically on [the] hand-held device' and 'the machine would issue a copy of the signed citation to the motorist.'"). The common understanding of "copy," however, does not preclude an electronic copy. The capability of the electronic device as described by section 543.005 could thus be satisfied if it can create an electronic copy of the signed notice.

But you do not tell us whether the alleged violator signs the electronic citation and, if so, whether the signature is obtained on an electronic device capable of creating a copy of the signed notice. To the extent the new electronic citation system fulfills these requirements, a court could conclude that it complies with the signature requirement of sections 543.004 and 543.005.

## II.     Copy Requirement

Although section 543.005 requires that the electronic device used to obtain the signature be "capable of creating a copy of the signed notice," the statute does not actually provide for the manner of creating the copy or specify the manner of delivery of the signed notice to the person arrested. TEX. TRANSP. CODE § 543.005. The statute directs that the arresting officer "shall retain the . . . electronic original of the notice and deliver the copy of the notice to the person arrested." *Id.* To "deliver" is "to take and hand over to or leave for another" and is synonymous with "convey." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 305 (10th ed. 2001); *see also id.* at 253 (defining "convey" as "to transfer or deliver to another"). Under this common understanding, the term "deliver" could include the electronic transfer of an item to another person. You tell us that the alleged violator gains "access to the complete citation electronically" using the QR code and corresponding citation number on the card. Request Letter at 2. To the extent the electronic transfer results in the alleged violator obtaining a copy of the signed notice, a court could conclude that an arresting officer "delivers" a copy of the signed notice as required by section 543.005.

We also note the statute's distinction between an electronic original of the notice for the officer and a copy of the notice for the arrested person. *See* TEX. TRANSP. CODE § 543.005. You tell us the new electronic citation system is "cloud-based" and that the alleged violator can access "the complete citation." Request Letter at 2. It is not clear to us whether the technology is such that the electronic notice the officer creates and that the alleged violator later receives are one in the same, eliminating the distinction between an "electronic original" and a "copy." *See* TEX. TRANSP. CODE § 543.005. But "when the text of a statute logically authorizes the application of the statute to a new technology or communication medium, [courts] should apply the statute in that way." *Serv. Emps. Int'l Union Loc. 5 v. Pro. Janitorial Serv. of Hous., Inc.*, 415 S.W.3d 387, 398 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (alteration in original) (citation omitted). The statute clearly contemplates that both the officer and the alleged violator shall possess the signed notice. *See* TEX. TRANSP. CODE § 543.005. To the extent a new electronic citation system accomplishes this end, a court could conclude that it satisfies section 543.005.

## S U M M A R Y

A court could conclude that providing an alleged violator with a card containing the time of appearance, place of appearance, and citation number along with a QR code, which serves as an electronic link to access the complete citation for certain misdemeanor traffic violations, satisfies the requirements of Transportation Code sections 543.003 and 543.004 as well as related provisions.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee